IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COASTAL SPRAY FOAMING, LLC, | * | |
| Plaintiff. | * | |
| v. | * | |
| REYNOLDS HOME SOLUTIONS, INC., | * | |
| and | * | |
| SUPERIOR SPRAY SOLUTIONS | * | |
| and | * | |
| FOAMDEPOT.COM | * | Civil Case No. 17-00701-JMC |
| and | * | |
| ROGER REYNOLDS | * | |
| and | * | |
| JACKIE REYNOLDS | * | |
| and | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

**MEMORANDUM & ORDER**

Plaintiff, Coastal Spray Foaming, LLC ("Coastal Spray"), brought this breach of warranty action against Defendants, Reynolds Home Solutions, Inc. ("Reynolds Home"), Superior Spray Solutions ("Superior Spray"), Foam Depo (a/k/a Foamdepot.com), Mr. Roger Reynolds, and Ms. Jackie Reynolds, following the purchase of "spray foam insulation equipment and components." (ECF No. 2). The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF Nos. 21, 22). Now pending before

the Court is Defendants' "Motion to Dismiss for Failure to State a Claim or in the Alternative, Motion for Summary Judgment for Summary Judgment." (ECF No. 8). The Court has also considered Plaintiff's Response in Opposition and Defendants' Reply. (ECF Nos. 13, 15). Pursuant to 105.6 (D. Md. 2014), the Court finds that no hearing was necessary. For the reasons that follow, Defendant's Motion is GRANTED, and the case will continue against Reynolds Home only.

In their present motion, Defendants contend that "Plaintiff's claims should be dismissed against the Non-Entity Defendants," Superior Spray, Foam Depo (a/k/a Foamdepot.com), Mr. Reynolds, and Ms. Reynolds, because these Defendants "are either trade names, a web domain address, or individuals shielded from any liability through the creation of a corporate entity." In its response, Plaintiff concedes that Superior Spray is a trade name and, as such, should be dismissed from this case. (ECF No. 13-1 at 3). Plaintiff insists, however, that dismissal against the remaining Non-Entity Defendants would not be proper because Plaintiff believes there is a legal basis for liability for these three Defendants and it has plead sufficient facts to survive a motion to dismiss.

As Plaintiff acknowledges, to survive the challenge of a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting *Bell* Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). A complaint is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The complaint, however, must not rely on bald allegations, as its "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S at 555.

2

Stated another way, Plaintiffs may not "rely on naked assertions, speculation, or legal conclusions." Trotter v. Kennedy Krieger Inst., Inc., No. CIV. 11-3422-JKB, 2012 WL 3638778, at *2 (D. Md. Aug. 22, 2012) (internal citations omitted). "If after viewing the complaint in this light the court cannot infer more than the mere possibility of misconduct, then the motion should be granted and the complaint dismissed. Id. (internal citations omitted).[1]

In the Complaint, Plaintiff describes "Foam Depot (a/k/a Foamdepot.com)" as "a fictitious entity doing business in New York under an assumed name." (ECF No. 2 at para. 13). However, other than Plaintiff's naked assertion, there is nothing establishing that the alleged fictitious entity Foam Depot has been put to any use by any person or enterprise outside of the acknowledged web address used by Reynolds Home, "Foamdepot.com." Plaintiff has cited no authority for the proposition that an entity's website can be separately sued, especially in a situation where a properly named defendant does not disclaim ownership of that website.

As importantly, Plaintiff does not describe any specific transaction or interaction with Foam Depot or the website "Foamdepot.com" that would form the basis for liability. To the contrary, the invoice that Plaintiff attaches to the Complaint that is the basis for its warranty claim states on its face that it was issued from Spray Solutions, which all parties agree is the trade name for Reynolds Home. Accordingly, even if there were sufficient allegations in the pleadings that Foam Depot or Foamdepot.com was a "fictitious entity," and there was legal support for the proposition that the website itself was capable of being sued, this motion to dismiss would still be granted because the Complaint does not make any connection between that

---

[1] The Court will treat this motion as a "motion to dismiss" because the Court was not required to consider any materials outside the original pleadings and their attachments to resolve this matter. See Pegues v. Wal-Mart Stores, Inc., 63 F. Supp. 3d 539, 542 (D. Md. 2014) ("When reviewing a motion to dismiss, the court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed. However, if the Court considers matters outside the pleadings the Court must treat the motion as a motion for summary judgment") (internal citations, quotations, and brackets omitted).

3

purportedly fictitious entity/website and the underlying claims in the Complaint: "breach of implied warranty of merchantability" and "breach of implied warranty of fitness for particular purpose."

Defendants also seek to dismiss the claims brought against Mr. and Ms. Reynolds, the individual Defendants and principals of Reynolds Home, because they contend that, in its Complaint, Plaintiff provides "no support that would permit this Court to pierce the corporate veil and make the [i]ndividual Defendants proper parties to this suit." Plaintiff, however, opposes that request, stating that the "Complaint alleges two separate theories which support piercing the corporate veil." First, Plaintiff claims that "Defendants have set up various fictitious entities without registered agents, all run from the same place of business which happens to be the individual Defendant's home address." Secondly, Plaintiff states that the complaint alleges a theory of "fraud" in that "the individual defendants hold themselves out as running various fictitious entities devoid of registered agents." Although Plaintiff casts these as two different theories for piercing the corporate veil, the Court would consider these as a single theory of fraud.

According to Maryland law,[2] "a court may pierce the corporate veil only to prevent fraud or enforce a paramount equity." Baltimore Line Handling Co. v. Brophy, 771 F. Supp. 2d 531,

---

[2] On the issue of piercing the corporate veil, the parties briefed principles of "Maryland Corporation of Law and Practice," but they did not provide a choice-of-law discussion. In their Answer to the Complaint, Defendants noted that Reynolds Home is incorporated under the laws of New York and has its principal place of business there, though they did not provide information as to where the other named Defendants resided or were located, or where the contract was consummated. This potentially raises the question of whether to apply New York or Maryland law on the issue of piercing the corporate veil. "When sitting in diversity, a federal court follows the choice-of-law rules of the forum state," therefore, "Maryland choice-of-law rules govern." Fid. & Guar. Life Ins. Co., 2014 WL 346630, at *4 (internal citation omitted). However, as this Court has noted on several occasions, "Maryland law is not clear about the choice-of-law principles it applies to veil piercing," but "Maryland courts generally apply Maryland law, rather than the law of the state of incorporation, to determine whether to pierce the corporate veil of foreign corporations." Id. at *5 (internal citation omitted). Moreover, it appears that the New York law on this subject is substantially similar to that of Maryland. See Heim v. Tri-Lakes Ford Mercury, Inc., 25 A.D.3d 901, 902, 809 N.Y.S.2d 222, 224 (2006)("Piercing the corporate veil is an equitable doctrine which allows courts to disregard the corporate form whenever necessary to prevent fraud and hold corporate owners liable for the corporations'

553 (D. Md. 2011) (internal citations omitted). Thus, "in order to pierce the corporate veil, [a] plaintiff's well-pleaded allegations and evidence must be tantamount to fraud or invoke a paramount equity. Courts have described as 'herculean' the challenge facing a party seeking to pierce the corporate veil on these grounds. Id. (citing Residential Warranty Corp. v. Bancroft Homes, 728 A.2d 783, 790–791 (Md. App. 1999), where the Court of Special Appeals stated that "Maryland is more restrictive than other jurisdictions in allowing a plaintiff to pierce a corporation's veil").

As it relates to allegations of fraud at the pleadings phase, which form the basis of Coastal Spray's theory for piercing the corporate veil, this Court looks to Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Further, this "heightened standard" means that "a plaintiff must plead with particularity the circumstances constituting fraud, "includ[ing] the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Fid. & Guar. Life Ins. Co. v. United Advisory Grp., Inc., No. CIV. WDQ-13-0040, 2014 WL 346630, at *8 (D. Md. Jan. 29, 2014) (citing Federal Rule of Civil Procedure 9).

Plaintiff's claims and allegations in the complaint do not come anywhere near this standard. At most, the Complaint suggests that Defendants had sold malfunctioning equipment to Plaintiffs and that Defendants had set up a business and website without a registered agent. These allegations alone do not suggest fraudulent activity on the part of Defendants. The Complaint does not allege any misleading or false misrepresentation underlying the sale complained of, nor does the Complaint even suggest that Plaintiff in some way relied on alleged

---

obligations"). Therefore, the Court will apply Maryland law in its determination as to whether to pierce the corporate veil.

fraudulent conduct, resulting in a compensable harm. Accordingly, because the Court does not find the allegations in the Complaint sufficient to pierce the corporate veil, Mr. and Ms. Reynolds, the individual Defendants, are not proper parties to this suit. See Curtis G. Testerman Co. v. Buck, 667 A.2d 649, 653 (Md. 1995) ("an officer is not personally liable *on an agreement* when there is no evidence in the record that the officer intended to assume the obligation").

For the foregoing reasons, Defendant's Motion is GRANTED, leaving Reynolds Home as the remaining Defendant in this action.

Dated: May 22, 2017                                      /s/
                                            J. Mark Coulson
                                            United States Magistrate Judge